1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2      Including Professional Corporations
   EDWARD V. ANDERSON, Cal. Bar No. 83148
3  JAMES M. CHADWICK, Cal. Bar No. 157114
   TENAYA RODEWALD, Cal. Bar No. 248563
4  379 Lytton Avenue
   Palo Alto, California 94301-1479
5  Telephone:      650.815.2600
   Facsimile:      650.815.2601
6  Email:          evanderson@sheppardmullin.com
                   jchadwick@sheppardmullin.com
7                  trodewald@sheppardmullin.com

8  Attorneys for Centrify Corporation

9                    UNITED STATES DISTRICT COURT

10      NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

11

12
   CENTRIFY CORPORATION,                    Case No. 3:16-cv-6482
13
                 Plaintiff,                 **COMPLAINT FOR:**
14
         v.                                 1. **TRADEMARK INFRINGEMENT [15
15                                             U.S.C. § 1114(1)];**
   CENTIFY, INC., MATT BULLOCK and
16 DOES 1-10,                               2. **UNFAIR COMPETITION & FALSE
                                               DESIGNATION OF ORIGIN [15 U.S.C.
17               Defendants.                    § 1125(a)];**

18                                          3. **VIOLATION OF THE ANTI-
                                               CYBERSQUATTING CONSUMER
19                                             PROTECTION ACT [15 U.S.C. §
                                               1125(d)];**
20
                                            4. **TRADEMARK INFRINGEMENT
21                                             [California Common Law];**

22                                          5. **UNFAIR COMPETITION [Cal. Bus. &
                                               Prof. Code §§ 17200 *et seq.*]**
23
                                            6. **UNFAIR COMPETITION [California
24                                             Common Law]; and**

25                                          **DEMAND FOR JURY TRIAL**

26

27

28

Plaintiff Centrify Corporation alleges the following:

## NATURE OF THE CASE

1.      This is an action seeking damages and injunctive relief for trademark infringement (15 U.S.C. §§ 1114(1), 1125(a)); unfair competition and false designation of origin (15 U.S.C. §§ 1114(1), 1125(a)); violation of the Anti-cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)); common law trademark infringement unfair competition under California law; and unfair competition under California Business & Professions Code § 17200.

## THE PARTIES

2.      Plaintiff Centrify Corporation ("Centrify" or "Plaintiff") is a Delaware corporation with its headquarters in Santa Clara, California.

3.      Centrify is informed and believes that Defendant Centify, Inc., ("Centify") is a Delaware corporation, registered to do business in California, and with its principle place of business at One Market Street, One Market, Spear Tower, 36th floor, San Francisco, California, 94105.

**4.**      Defendant Matt Bullock ("Bullock") is an individual.  Plaintiff is informed and believes that Defendant Matt Bullock is the founder and CEO of Defendant Centify, Inc.

5.      Defendant Centify, Inc., under the direction and control of Defendant Bullock, uses the name CENTIFY (the "Infringing Mark") to market itself and its products and services, including through the use of the domain names <centify.com>,  <centify.net>, and <centify.org>, and associated websites.

6.      Centrify is ignorant of the true names and capacities of defendants sued as Does 1 through 10, inclusive and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their names and capacities when they have been ascertained.

7.      On information and belief, each of the fictitiously named defendants is at all relevant times responsible in some manner for the occurrences alleged in this Complaint. Their alleged acts and/or omissions are a direct and proximate cause of the injuries sustained by Plaintiff.

8.     Plaintiff is informed and believes, and on that basis alleges, that all Defendants, including the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint ventures and employees of all other defendants, and all acts alleged herein occurred within the course and scope of said agency, employment, partnership, joint venture, conspiracy and/or enterprise, and with the express and/or implied permission, knowledge, consent, authorization, and ratification of their co-defendants.

**JURISDICTION AND VENUE**

9.     The causes of action in the Complaint arise under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and the common law.

10.    This Court has original subject matter jurisdiction over these claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

11.    This Court has personal jurisdiction over Defendants in this action and venue is proper in this judicial district because Defendant Centify, Inc., has its principle place of business in California and in this judicial district; (b) Defendants have purposefully availed themselves of the privilege of conducting business in California; (c) the harm caused to Plaintiff by the acts and omissions of Defendants was intended by Defendants to impact and has impacted Plaintiff in this judicial district, where Plaintiff has its principal place of business; and (d) a substantial part of the acts or omissions giving rise to the asserted claims occurred or had effects in this judicial district. This Court also has personal jurisdiction over Bullock because, as the founder and CEO of Defendant Centify, Inc., and as the registrant of domain names incorporating the Infringing Mark, he is responsible for initiating, directing and controlling Defendant Centify, Inc.'s illegal and infringing activities described herein.

12.    Because this action is an Intellectual Property Action as specified in Civil L.R. 3-2(c), it is to be assigned on a district-wide basis.

**FACTUAL BACKGROUND**

**Centrify's Business and Marks**

13.     Centrify is a leader in developing and providing security and end user productivity solutions.  Centrify's identity management software and cloud-based "Software-as-a-Service" ("SaaS") product offerings allow businesses and organizations to secure against cyberthreats by helping manage identities and securely and efficiently accessing computer networks and cloud computing environments, including popular SaaS applications such as Salesforce.com, Office 365, Google Apps, Concur, Dropbox, Marketo, Docusign, WebEx, Workday, Facebook and Linkedin. Centrify software and services protect against the leading point of attack used in data breaches—compromised credential —by securing an enterprise's internal and external users as well as its privileged accounts on-premises, in the cloud and on mobile devices.  Popular features of Centrify's products include single sign-on ("SSO"), multi-factor authentication ("MFA"), and enterprise mobility management ("EMM").  Centrify's product and features promote individual and company productivity.

14.     Centrify was founded in 2004 and has grown to 330 employees.  In addition to its headquarters in Santa Clara, California, Centrify has offices in Bellevue, Washington; Murray, Utah; Bracknell, United Kingdom; Hawthorn East, Australia; Tokyo; Dubai; and São Paulo.

15.     Centrify's customers and potential customers include any company or organization that lets employees or members "log in" to computers, mobile devices, or online or cloud accounts.  For example, Centrify's customers have end users such as sales and marketing personnel who conduct their business by utilizing multiple applications, including customer relationship management (an example being Salesforce), customer communication (such as WebEx), marketing automation (such as Marketo), digital signature (such as Docusign), file sharing (such as Dropbox), expense report management (such as Concur), human resource management (such as Workday), helpdesk (such as ServiceNow) and others.  Instead of their users having to deal with the inefficiency of managing a multitude of passwords (which can be easily forgotten or stolen), Centrify gives our customer's end users a single login to this multiplicity of applications, thereby improving both end user productivity and customer security. This

1    functionality is enabled by Centrify customer end users (such as sales representatives and

2    marketing personnel) logging into the Centrify branded cloud service via a web browser, or by

3    launching the Centrify branded mobile application from their phone or tablet to access the

4    applications they need to conduct business.

5          16.    Centrify's principals and founders have spent over a decade building Centrify into

6    what it is today:  a leading global company in the provision of security software and cloud-based

7    Software-as-a-Service.   Centrify has also raised over $90 million in venture capital to fund the

8    company, and is recognized by premier industry analyst firms Gartner and Forrester as a leader in

9    its field.

10         17.    Centrify is the owner of the United States trademark registration for the word mark

11   CENTRIFY (the "CENTRIFY Mark"), registered on October 17, 2006 with the U.S. Trademark

12   Registration No. 3,158,199, a true and correction copy of which attached hereto as **Exhibit A**.

13   Centrify has used the CENTRIFY Mark continuously since 2004.  Centrify uses the CENTRIFY

14   Mark to identify its products and services and in its logo:



18         18.    Centrify is also the owner of the following related United States trademark

19   registrations:

| Serial No. | Registration No. | Trademark | Exhibit |
|---|---|---|---|
| 86180456 | 4706549 | CENTRIFY EXPRESS | **B** |
| 86180455 | 4706548 | CENTRIFY SUITE | **C** |
| 86180438 | 4706547 | CENTRIFY FOR MOBILE | **D** |
| 86180435 | 4706546 | CENTRIFY SERVER SUITE | **E** |
| 86180428 | 4706545 | CENTRIFY USER SUITE | **F** |
| 86588659 | 4991222 | CENTRIFY IDENTITY SERVICE | **G** |

1  In addition, Centrify is the owner of the United States service mark registration for the word mark

2  CENTRIFY FOR SAAS, with the U.S. Trademark Registration No. 4,604,865, a true and correct

3  copy of which is attached hereto as **Exhibit H**.  The CENTRIFY Mark, and the marks listed in

4  this paragraph, are referred to collectively as the "CENTRIFY Marks" or the "Marks".

5       19.    Centrify's registrations for the CENTRIFY Marks are valid, subsisting, and in full

6  force and effect.

7       20.    The CENTRIFY Marks are fanciful and therefore inherently distinctive.  The

8  CENTRIFY Mark is also incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. §

9  1065, and this serves as conclusive evidence of the validity of the CENTRIFY Mark, pursuant to

10  15 U.S.C. § 1115(b).

11       21.    As a company that depends both upon the quality of its services and the reliability

12  and trustworthiness of its brand, Centrify has spent substantial sums securing and protecting its

13  intellectual property interests in its CENTRIFY Marks.

14       22.    All of the CENTRIFY Marks have been registered and in use since well before

15  Defendants used or sought registration for the Infringing Mark.

16       23.    Since its first use of the CENTRIFY Mark in 2004, Centrify has spent substantial

17  sums to advertise and promote the CENTRIFY Marks.  Centrify advertises, promotes and sells its

18  software and services on its website, centrify.com, on social networking sites such as LinkedIn,

19  Facebook, Twitter, Google Plus and YouTube.  Centrify frequently markets its products directly to

20  both end users and Information Technical ("IT") personnel who are customers of popular

21  customer relationship management ("CRM"), file sharing, helpdesk, expense reporting, and other

22  applications.  For example, Centrify has been over the years an exhibitor at user conferences and

23  industry trade shows sponsored by application vendors Salesforce.com, Box, Dropbox and

24  ServiceNow, and is listed on those vendor's websites as a partner of those vendors.  Centrify also

25  advertises and promotes its software and services through IT industry trade shows such as the

26  Gartner Catalyst Conference and the RSA Conference, and through publications such as SC Mag,

27  ZDNet, NetworkWorld, and Solutions Review.  Centrify spends substantial sums on advertising

28

1   and promotion, and has spent at least $14 million in marketing expenses alone in each of its last

2   two fiscal years.

3       24.    Since adopting the CENTRIFY Mark, Centrify has expended substantial amounts

4   of time, effort and money to ensure that the relevant public associates the CENTRIFY Marks with

5   its products and services.  As a result of this time, effort and money invested, Centrify and the

6   CENTRIFY Marks have achieved a reputation for excellence, trustworthiness and reliability in the

7   marketplace.  As a provider of security-related software and services, through which hundreds of

8   thousands of its customer's end users (such as sales representatives, marketing personnel, IT

9   professionals and other employees) log directly into Centrify to securely and efficiently access the

10   applications they need to conduct their business, it is vital for Centrify to maintain this reputation

11   for trustworthiness and reliability.

12       25.    Centrify enjoys substantial demand and goodwill for its products and services

13   marketed and offered under the CENTRIFY Marks.  Centrify's customers include businesses and

14   organizations of all sizes, including 28 of the Fortune 50 companies, seven of the top ten

15   pharmaceutical companies, four of the top ten US financial institutions, four of the top ten US

16   retailers, 85 of the US federal agencies, six of the top world-wide telecommunications companies.

17   Centrify's customers also include innumerable small and medium-sized businesses, startups

18   companies and organizations.  These customers purchase Centrify's products and services in part

19   because of Centrify's reputation for excellence, trustworthiness and reliability.  Accordingly, the

20   CENTRIFY Marks are a significant asset of Centrify's business.

21       26.    By virtue of Centrify's use of the CENTRIFY Mark and the sums spent to promote

22   the Marks, the CENTRIFY Marks have acquired secondary meaning in the minds of the relevant

23   public.  Accordingly, the relevant public has come to associate the Marks with Centrify's software

24   and services.

25       **Defendants' Business And Infringing Activities**

26       27.    On information and belief, Defendant Centify, Inc., was founded in 2016 by

27   Defendant Bullock who is its CEO.  As noted, Defendant Centify, under the direction and control

28   of Defendant Bullock, uses the Infringing Mark to market itself and its products and services.

Defendants have also applied for registration of the Infringing Mark.  In addition, the Infringing Mark is incorporated into domain names used by Defendants to maintain websites that market their products and service, including <centify.com>, <centify.net>, and <centify.org>.

28.    Defendants' Infringing Mark CENTIFY is confusingly similar to Centrify's CENTRIFY Marks.  The marks differ by only one letter, are phonetically similar, visually similar, and create a highly similar commercial impression.

29.    Defendants use their Infringing Mark as part of a logo that is almost identical in appearance to Centrify's logo:

**Centrify's logo**                           **Defendants' logo**

                          

30.    Defendants' products, which it advertises, promotes and distributes under Defendants' Infringing Mark, overlap substantially with Centrify's products and services.

31.    Defendant Centify purports to be a software and Software-as-a-Service company that, among other things, provides software and online services used to motivate sales employees to attain sales goals, track sales teams, salespersons and their activities, manage sales quotas and commissions, and to monitor and track sales data.  On its website. Defendant Centify advertises that its software and online services work across mobile devices and with cloud-based services.

32.    On August 2, 2016, Defendant Centify filed a trademark application for the word mark CENTIFY for use with:  "Downloadable software in the nature of a mobile application for conducting contests to engage and motivate business employees to attain sales goals; Downloadable software in the nature of a mobile application for sales force automation, commission and quota management; Downloadable software in the nature of a mobile application for monitoring, tracking, analyzing and managing sales commissions and sales data;" and for use with "Software as a service (SAAS) services featuring software for conducting contests to engage and motivate business employees to attain sales goals; Software as a service (SAAS) services featuring software for sales force automation, commission and quota management; Software as a

service (SAAS) services featuring software for monitoring, tracking, analyzing and managing sales commissions and sales data." A true and correct copy of Defendants' application is attached hereto as **Exhibit I**.

33. Centrify offers the same types of products and services under its CENTRIFY Marks. Moreover, Centrify's Marks cover use of CENTRIFY in the same trademark classes as those with respect to which Defendants seek to use the Infringing Mark, including downloadable software, software as a service, and other products and services. In addition, Centrify's products and services can be used in conjunction with and to provide security for Defendants' products and services. For example, Centrify provides single sign-on and other identity management features for end users of Salesforce.com, and Defendants advertise on their website that their technology "leverages the Salesforce.com platform."

34. The consumer market for Defendants' products and services overlaps with Centrify's market. Defendants' products and services are targeted to a substantial portion of Centrify's customers, many of whom employ, manage and track sales teams. Indeed, customers who employ, manage and track sales teams using online and mobile tools have critical identity access management and security issues uniquely met by Centrify's software and services. These same customers are also looking to make their sales teams more productive, and one way to do that is reduce the amount of time spent logging into applications. For example, these customers may use Centrify's single sign-on and multi-factor authentication functionality to have their business employees efficiently and securely access Salesforce.com and other applications used frequently by sales teams such as Dropbox, LinkedIn, WebEx, Concur and Office 365. Employees such as sales representatives who use Centrify to logon to Salesforce.com will be confused by Defendants' application, which leverages the Salesforce.com platform and employs a name and logo that are virtually indistinguishable from the CENTRIFY Mark and logo.

35. Defendants promote, advertise, and sell their software and services through the same channels as Centrify, including internet channels and industry trade shows.

36. On information and belief, Defendant Bullock registered the infringing domain names <centify.com>, <centify.net>, <centify.org>, and possibly others. Defendant Centify

maintains websites associated with the infringing domain names <centify.com>, <centify.net>, and <centify.org> on which it advertises its products and services under the Infringing Mark. Defendants also advertise and promote their software and services through websites such LinkedIn, and through advertisements and promotional materials placed on third-party webpages and software.

37.     Centrify first learned of Defendant Centify at the Dreamforce trade conference held in San Francisco on October 4-7, 2016, hosted by Salesforce.com, Inc.  Defendant Centify had a booth at Dreamforce.  Centrify has sponsored and exhibited at the Dreamforce trade conference on past occasions, and also attended the conference in 2016.  Because Dreamforce is one of the leading trade shows for the SaaS industry, customers attend to learn about a variety of cloud-based solutions, including mobile and online applications marketed by the Defendants and security and access management services marketed by Centrify.  Attendees at the Dreamforce tradeshow were confused by Defendant Centify's booth, believing that it was associated with Centrify.

38.     Defendants distribute their software on the Google Play store and through the Apple App Store.  Centrify also distributes its mobile software products through these websites.

39.     Defendants have never been authorized by Centrify to use CENTRIFY, or any variation thereof, including without limitation CENTIFY, and have never been granted authority to assert or suggest any affiliation with or endorsement by Centrify.

40.     Defendants' use of the Infringing Mark as alleged herein is likely to deceive consumers into believing that Centrify produces, endorses, approves or sponsors Defendants' software and services, or that there is an affiliation between Defendants' and Defendants' products and Centrify.  Centrify's customers associate the CENTRIFY Marks with Centrify's products and services, and hence are likely to believe that other online software and services offered using a nearly identical mark are produced by Centrify or by an affiliate of Centrify, or are endorsed, approved, or sponsored by Centrify.

41.     Moreover, given the trivial difference between them, consumers are likely to mistake the Infringing Mark for the CENTRIFY Mark, and to fail to distinguish between them at all.  Given the prior use, popularity, and recognition of the CENTRIFY Mark, Defendants' use of

the Infringing Mark is likely to confuse consumers into believing that Centrify is the origin and provider of Defendants' products and services, or that Defendants are affiliated with Centrify. Indeed, a search for the term "centify" using the popular Google search engine returns as its first result Centrify's webpage, and also returns other results for Centrify's products and services. The Google search engine even suggests that a user performing a search using the term "centify" must be looking for "Centrify." Similarly, a search for the term "centify" using the popular Yahoo search engine returns as its first result Centrify's webpage, and also returns other results for Centrify's products and services. Attached hereto as **Exhibit J** is a true and correct copy of a screenshot showing the top results of a search for the term "centify" using the Google search engine. Attached hereto as **Exhibit K** is a true and correct copy of a screenshot showing the top results of a search for the term "centify" using the Yahoo search engine.

42.     In addition, the association between Centrify and Defendants' products and services, due to the near identity of Defendants' Infringing Mark to the CENTRIFY Marks, will harm the reputation of Centrify and its Marks. Any negative experiences, failures, or problems with Defendants' products or services are likely to reflect negatively on Centrify in the minds of consumers who associate Centrify with Defendants and Defendants' products based on the similarity between Defendants Infringing Mark and Centrify's CENTRIFY Marks.

43.     On October 5, 2016, upon learning of Defendants' use of the Infringing Mark, Centrify wrote to Defendants alerting them to Centrify's CENTRIFY Marks and trademark rights, and explaining that use of the Infringing Mark infringes Centrify's CENTRIFY Marks and trademark rights. Centrify requested that Defendants cease using the Infringing Mark. Defendants refused to cease using the Infringing Mark.

44.     Accordingly, Defendants willfully and intentionally continue to use the Infringing Mark, with knowledge that they are causing or are likely to be causing confusion by misleading and deceiving the public.

**FIRST CLAIM FOR RELIEF**

**Trademark Infringement**

**[Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)]**

45.   Centrify incorporates by reference the allegations set forth above.

46.   Centrify owns the federally registered CENTRIFY Marks.  The CENTRIFY Marks are strong and distinctive and designate Centrify as the source of all products and services advertised, marketed, sold or used in connection with the Marks.  The CENTRIFY Mark is incontestable.

47.   Centrify is the senior user of the CENTRIFY Marks.  It began using the Marks in interstate commerce prior to Defendants' first use of their confusingly similar Infringing Mark, and has been using the CENTRIFY Mark in commerce continuously since 2004.

48.   Centrify has never licensed or otherwise authorized Defendants to use the Infringing Mark CENTIFY, the CENTRIFY Marks, or any variation thereof.  Centrify has never licensed or otherwise authorized Defendants to assert or imply any endorsement by or affiliation with Centrify.

49.   On information and belief, based on the facts set forth above, including the similarity of the content and appearance of the Infringing Mark, the overlap of Defendants' products and services with those of Centrify, and the results of searches using popular search engines, Defendants were aware of the CENTRIFY Marks prior to adopting and/or using the Infringing Mark for their competing products and services.  Furthermore, Defendants were expressly advised of Centrify's trademark use and rights and of the infringing nature of the Infringing Mark and Defendants' use of it, and refused to cease using the Infringing Mark.  Thus, Defendants' unauthorized use of the Infringing Marks was and is knowing, intentional, and willful.

50.   Defendants have used the Infringing Mark in commerce without Centrify's consent.  This use is likely to cause confusion with respect to the source and origin of Defendants' products, and is likely to cause confusion or mistake and to deceive purchasers as to the affiliation, connection, or association of Centrify with Defendants and/or Defendants' products.  In particular,

1   Defendants' use of the Infringing Marks will likely cause confusion as to the origin and

2   authenticity of Defendants' products and services, and will likely cause others to believe that there

3   is a relationship between Centrify and Defendants.

4        51.     The Infringing Mark is a close imitation of the CENTRIFY Marks, and is used in

5   connection with products that are related to those offered by Centrify and in markets that are the

6   same as markets served by Centrify.  Such use is likely to cause confusion, to cause mistake, or to

7   deceive.  On information and belief, Defendants have knowingly and intentionally used the

8   Infringing Mark, with the intent of causing confusion and mistake and misleading and deceiving

9   the public generally and Centrify's customers in particular into believing that Defendants'

10  products and services are associated with or endorsed by Centrify and that Centrify somehow

11  authorized, sponsored, approved, licensed or participated in Defendants' use of the Infringing

12  Mark.

13       52.     As a direct and proximate result of Defendants' wrongful conduct, Centrify has

14  been and will continue to be damaged.

15       53.     Defendants' actions thus constitute trademark infringement in violation of the

16  Lanham Act, 15 U.S.C. § 1114(1).

17       54.     Centrify has no adequate remedy at law.  Unless Defendants are preliminarily and

18  permanently enjoined from committing the unlawful acts alleged herein, including the

19  unauthorized use in commerce of the Infringing Marks, Centrify will continue to suffer irreparable

20  harm.  Accordingly, Centrify is entitled to injunctive relief pursuant to 15 U.S.C. § 1116

21  restraining Defendants, their officers, agents and employees, and all persons acting in concert with

22  them, from engaging in any further such acts of trademark infringement in violation of the

23  Lanham Act.

24       55.     Pursuant to 15 U.S.C. § 1117(a), Centrify is also entitled to recover damages it has

25  sustained and will sustain as a result of Defendants' wrongful conduct, and the gains, profits and

26  advantages that Defendants have obtained as a result of their wrongful conduct.  At present,

27  Centrify is unable to ascertain the full extent of its damages, or the gains, profits and advantages

28  that Defendants have obtained by reason of their wrongful conduct described herein.

56.     Defendants' conduct was and continues to be intentional and Centrify is therefore entitled to an award of treble damages against Defendants pursuant to 15 U.S.C. § 1117(a).

57.     Defendants' willful acts make this an exceptional case under 15 U.S.C. § 1117(a), and therefore Centrify is entitled to an award of attorneys' fees and costs.

### SECOND CLAIM FOR RELIEF

**Unfair Competition and False Designation of Origin**

**[Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)]**

58.     Centrify incorporates by reference the allegations set forth above.

59.     Centrify owns the CENTRIFY Marks, which are federally registered.  The CENTRIFY Marks are strong and distinctive, and designate Centrify as the source of all products and services advertised, marketed, sold or used in connection with the Marks.  The CENTRIFY Mark is incontestable.

60.     Centrify is the senior user of the CENTRIFY Marks.  It began using the Marks in interstate commerce prior to Defendants' first use of their confusingly similar Infringing Mark.  In particular, Centrify has been using the CENTRIFY Mark in commerce continuously since 2004.

61.     Centrify has never licensed or otherwise authorized Defendants to use the Infringing Mark CENTIFY.  Centrify has never licensed or otherwise authorized Defendants to use the CENTRIFY Mark or any variation thereof.  Centrify has never licensed or otherwise authorized Defendants to assert or imply any endorsement by or affiliation with Centrify.

62.     On information and belief, for the reasons set forth above, Defendants were aware of the CENTRIFY Marks prior to adopting and/or using the Infringing Mark for their competing products and services.  Furthermore, Defendants were expressly advised of Centrify's trademark use and rights and of the infringing nature of the Infringing Mark and Defendants' use of it, and refused to cease using the Infringing Mark.  Thus, Defendants' unauthorized use of the Infringing Marks was and is knowing, intentional, and willful.

63.     The Infringing Mark is a close imitation of the CENTRIFY Marks, and is used in connection with products that are related to those offered by Centrify and in markets that are the same as markets served by Centrify.

64.     On information and belief, through their use of the confusingly similar Infringing Mark, Defendants confuse and mislead consumers into believing that Defendants' products and services are associated with or endorsed by Centrify, and create the false impression that Centrify has somehow authorized, sponsored, approved, licensed or participated in Defendants' use of the confusingly similar Infringing Marks.

65.     Defendants' use of the Infringing Mark will likely cause confusion as to the origin and authenticity of Defendants' goods and services, and will likely cause others to believe that there is a relationship between Centrify and Defendants.

66.     As a direct and proximate result of Defendants' wrongful conduct, Centrify has been and will continue to be damaged.

67.     Defendants' acts constitute unfair competition and false endorsement in violation of 15 U.S.C. § 1114(1) and 15 U.S.C. § 1125(a).

68.     Centrify has no adequate remedy at law.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged herein, including the unauthorized use in commerce of the Infringing Mark, Centrify will continue to suffer irreparable harm.  Accordingly, Centrify is entitled to injunctive relief pursuant to 15 U.S.C. § 1116 restraining Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further such acts of unfair competition and false designation of origin in violation of the Lanham Act.

69.     Pursuant to 15 U.S.C. § 1117, Centrify is also entitled to recover damages it has sustained and will sustain as a result of Defendants' wrongful conduct, and the gains, profits and advantages that Defendants have obtained as a result of their wrongful conduct.  At present, Centrify is unable to ascertain the full extent of its damages, or the gains, profits and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

70.     Defendants' conduct was intentional and, Centrify is therefore entitled to an award of treble damages against Defendants pursuant to 15 U.S.C. § 1117.

71.     Defendants' willful acts make this an exceptional case under 15 U.S.C. § 1117, and thus, Centrify is entitled to an award of attorneys' fees and costs.

**THIRD CLAIM FOR RELIEF**

**Violation of the Anti-cybersquatting Consumer Protection Act**

**[15 U.S.C. § 1125(d)]**

72.     Centrify incorporates by reference the allegations set forth above.

73.     The CENTRIFY Marks are fanciful and hence distinctive.  Moreover, as a consequence of the widespread use and popularity of Centrify's products and services, consumers associate the CENTRIFY Marks with reliable, high quality software and interactive services, and Centrify enjoys significant resulting goodwill.  The CENTRIFY Marks had acquired this distinctiveness by the time Defendants registered their domain names using the Infringing Mark.

74.     Centrify owns registered United States trademarks covering use of the CENTRIFY Marks in connection with, among other things, downloadable software and cloud-based services. The registration of CENTRIFY Marks on the principal register of the United States Patent and Trademark office is further evidence that they are fanciful and hence distinctive.  The CENTRIFY Mark is also incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, which serves as conclusive evidence of the validity of the CENTRIFY Mark, pursuant to 15 U.S.C. § 1115(b).

75.     Defendant Bullock registered the infringing domain names <centify.com>, <centify.net>, <centify.org>, and possibly others (the "Infringing Domains").  Defendant Centify, Inc. maintains websites associated with the Infringing Domains, on which it advertises its products and services under its Infringing Mark.

76.     The Infringing Domains are confusingly similar, and indeed nearly identical, to the CENTRIFY mark.  On information and belief, Defendants have used and continue to use the CENTRIFY trademark in the Infringing Domains and in connection with promotion and operation of Defendants' websites, with a bad faith intent to profit from the Infringing Domains in violation of 15 U.S.C. § 1125(d).  Among other things, Defendants adopted and continue to use domain names that are nearly identical to the CENTRIFY Mark (differing only by a single letter), in connection with associated websites that use the Infringing Mark (which is virtually identical in content and appearance to the CENTRIFY Mark), in order to promote products and services that

1  overlap with those of Centrify, with probable knowledge that the results of searches using popular

2  search engines produce results that include Centrify's websites and webpages.  In addition, on

3  information and belief, Defendants were and are aware of the CENTRIFY Marks and that

4  Defendants actions are likely to mislead the public into believing that Defendants' websites,

5  products, and services are associated with, sponsored or endorsed by, or otherwise authorized by

6  Centrify, which is false.  On information and belief, Defendants sought and continue to seek to

7  profit from the unauthorized use of the CENTRIFY Marks.  Defendants also have been informed

8  of Centrify's trademark use and rights and of the infringing nature of the Infringing Mark and

9  Defendants' use of it, and have refused to cease using the Infringing Mark.  Defendants actions

10  alleged herein were and are knowing, willful and deliberate.

11      77.      Defendants' cybersquatting and other acts alleged herein deprive Centrify of the

12  benefit of the goodwill attached to the CENTRIFY Marks, injure Centrify's reputation, and dilute

13  the distinctive quality of the CENTRIFY Marks.

14      78.      Defendants' activities constitute cybersquatting in violation of 15 U.S.C. § 1125(d).

15      79.      As a direct and proximate result of Defendants' cybersquatting and other acts

16  alleged herein, Centrify has been and continues to be injured in its business and property, and has

17  sustained and will continue to sustain substantial damage to its business, goodwill, and reputation

18  in an amount not presently known but subject to proof at or prior to trial.

19      80.      Centrify is entitled to statutory damages pursuant to 15 U.S.C. § 1117(d), for each

20  act of Defendants' cybersquatting.  Defendants have willfully engaged in multiple and continuing

21  acts of cybersquatting, by registering and/or using the Infringing Domains, and by creating and

22  operating websites using the CENTRIFY Marks.  Defendants' domains are identical or

23  confusingly similar to the CENTRIFY Marks.  Defendants use a trademark that is nearly identical

24  and that is confusingly similar to the CENTRIFY Marks.  In light of Defendants' conduct,

25  maximum statutory damages are justified and should be awarded.  Centrify is further entitled to

26  recover its costs in bringing this action.

27      81.      Centrify has no adequate remedy at law for Defendants' cybersquatting.  Unless

28  Defendants are preliminarily and permanently enjoined from committing the unlawful acts as set

forth above, and the domain names associated with Defendants' websites are ordered cancelled or transferred to Centrify, Centrify will continue to suffer irreparable harm. Centrify is therefore entitled to preliminary and final injunctive relief against the continued use of the Infringing Domains and the continued operation of websites associated with those domains by Defendants, their officers, agents, servants and employees, or any others acting in concert with them. In addition, Centrify is entitled to an injunction preventing Defendants, their officers, agents, servants and employees, and all persons acting in concert with them from registering any additional domains including the CENTRIFY Marks or any confusingly similar variations thereof, and from operating any websites using the CENTRIFY Marks or any confusingly similar variations thereof.

82.     Centrify is entitled to the cancellation or transfer of all of Defendants' domain names that use the CENTRIFY trademark or the CENTIFY name, under 15 U.S.C. § 1125(d)(1)(C).

## FOURTH CLAIM FOR RELIEF

### Trademark Infringement

### [California Common Law]

83.     Centrify incorporates by reference the allegations set forth above.

84.     Centrify has valid and protectable common law rights in the CENTRIFY Marks.

85.     Centrify is the senior user of the CENTRIFY Marks.

86.     Defendants' use of the confusingly similar Infringing Mark in connection with overlapping and/or competing goods and services, in the same or similar market to that of Centrify, is likely to cause confusion as to the origin of Defendants' goods and services, and/or as to Centrify's association with them.

87.     Therefore, Defendants' actions alleged herein constitute common law infringement of the CENTRIFY Marks.

88.     On information and belief, for the reasons set forth above, Defendants' infringement of the CENTRIFY Marks is and has always been knowing and willful.

89.     Defendants' wrongful acts have permitted and will continue to permit Defendants to receive substantial profits based upon the strength of Centrify's reputation and the substantial goodwill associated with the CENTRIFY Marks.

90.     As a result of Defendants' infringing actions, Centrify has been and will continue to be irreparably harmed.

91.     Centrify has no adequate remedy at law.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts described herein, including without limitation, use of the Infringing Marks, Centrify will continue to suffer irreparable harm.  Thus, Centrify is entitled to an injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further such acts of trademark infringement in violation of California common law.

## FIFTH CLAIM FOR RELIEF

### Unfair Competition

### [Cal. Bus. & Prof. Code §§ 17200 *et seq.*]

92.     Centrify incorporates by reference the allegations set forth above.

93.     On information and belief, Defendants' unlawful conduct set forth herein has had a substantial effect on commerce, and constitutes unlawful, unfair, and fraudulent business practices in violation of Section 17200, et seq., of the California Business and Professions Code.

94.     On information and belief, Defendants willfully intended to trade on the strength, reputation and goodwill of the CENTRIFY Marks, to mislead the public with wrongful use of the Infringing Marks, and to cause injury to Centrify.

95.     As a direct and proximate result of Defendants' unlawful acts, Centrify has suffered and will continue to suffer injury to its business, goodwill and property.

96.     Centrify has no adequate remedy at law.  Unless Defendants are preliminarily and permanently enjoined from committing the unlawful acts described herein, Centrify will continue to suffer irreparable harm.  Centrify is thus entitled, pursuant to California Business and Professions Code §§ 17203 and 17535, to an injunction restraining Defendants, their officers,

1   agents and employees, and all persons acting in concert with them, from engaging in any further

2   such acts of unfair competition, as well as to restitution and disgorgement of Defendants' profits.

### SIXTH CLAIM FOR RELIEF

**Unfair Competition**

**[California Common Law]**

6   97.     Centrify incorporates by reference the allegations set forth above.

7   98.     By engaging in the wrongful conduct described herein, Defendants willfully

8   intended to trade on the strength and reputation of Centrify and/or the CENTRIFY Marks, to cause

9   injury to Centrify, and to pass off their services as those of Centrify.

10   99.     Defendants' wrongful use of the Infringing Mark in connection with overlapping

11   and/or competing goods and services, in the same or similar market to that of Centrify, is likely to

12   cause confusion, mistake and deception as to the affiliation, connection and association of

13   Defendants with Centrify and/or as to the origin, sponsorship and approval of Defendants' goods

14   and services offered under the Infringing Mark.

15   100.    As a direct and proximate result of Defendants' unlawful acts, Centrify has suffered

16   and will continue to suffer injury.

17   101.    Centrify has no adequate remedy at law.  Unless Defendants are preliminarily and

18   permanently enjoined from committing the unlawful acts described herein, Centrify will continue

19   to suffer irreparable harm.  Thus, Centrify is entitled to an injunction restraining Defendants, their

20   officers, agents and employees, and all persons acting in concert with them, from engaging in any

21   further such acts of unfair competition in violation of California common law.

22   102.    As a result of Defendants' unlawful acts described herein, Defendants have been

23   unjustly enriched at Centrify's expense and Centrify has suffered a competitive injury and

24   damages in an amount to be proven at trial.

25   103.    On information and belief, Defendants acted with oppression, fraud, malice, and

26   willfully intended to trade on the strength, reputation and goodwill associated with the

27   CENTRIFY Marks, to mislead the purchasing public, and to cause injury to Centrify.  Thus,

28   Centrify is entitled to punitive damages.

1

**PRAYER FOR RELIEF**

2        WHEREFORE, Centrify prays for judgment against Defendants as follows:

3        1.        That Defendants be held liable for federal trademark infringement, and unfair

4    competition and false designation of origin in violation of the Lanham Act, 15 U.S.C. §§ 1114,

5    and 1125(a); trademark infringement and unfair competition under California common law; and

6    unfair competition in violation of California Business & Professions Code §§ 17200 *et seq.*

7        2.        For preliminary and permanent injunctions prohibiting Defendants, their agents,

8    employees, representatives, partners, joint ventures, and/or anyone acting on behalf of, or in

9    concert with Defendants from:

10            A.        advertising, marketing or selling any products or services under the

11   Infringing Marks or any colorable imitation(s) of the CENTRIFY Marks, including any mark that

12   incorporates the terms "CENTIFY", or any other mark that is likely to cause confusion with

13   Centrify or the CENTRIFY Marks.

14            B.        using in commerce or facilitating the use in commerce of the Infringing

15   Mark, or any other phrase, term, mark, trade name, logo or design that falsely represents that, or is

16   likely to confuse, mislead, or deceive purchasers, Centrify's customers or prospective customers,

17   or members of the public to believe that products or services advertised, marketed, sold and/or

18   offered for sale by Defendants originate from Centrify, or that such goods or services have been

19   sponsored, approved, or licensed by or associated with Centrify, or are in some way connected to

20   or affiliated with Centrify;

21            C.        using the Infringing Domains or operating websites associated with those

22   domains;

23            D.        Registering any additional domains including the CENTRIFY Marks or any

24   confusingly similar variations thereof, or operating any websites associated with any additional

25   domains that include the CENTRIFY Marks or any confusingly similar variations thereof;

26            E.        doing or allowing any act or thing which is likely to injure Centrify's

27   business reputation or goodwill;

28

1         F.      engaging in any acts of federal, state or common law trademark

2  infringement, false designation of origin, or unfair competition that would damage or injure

3  Centrify; and

4         G.     participating or assisting in any of the above activities.

5      3.     For preliminary and permanent injunctions requiring Defendants to file with the

6  U.S. Patent and Trademark Office an express abandonment of their U.S. Application Serial No.

7  87/125,049 for the Infringing Mark CENTIFY and any other U.S. trademark applications

8  incorporating "CENTIFY" or "CENTRIFY."

9      4.     That Defendants, pursuant to 15 U.S.C. § 1116(a), be required to file with the Court

10  and to serve on Centrify within thirty (30) days after service of an injunction order as requested

11  herein, a report in writing under oath setting forth in detail the manner and form in which they

12  have complied with the Court's order.

13      5.     For an Order requiring Defendants and any others involved in their registration or

14  use to take such action as may be necessary to effectuate the transfer of the Infringing Domains to

15  Centrify.

16      6.     An Order requiring the registrar, registry for the Infringing Domains, and any

17  others involved in their registration or maintenance, to take such action as may be necessary to

18  effectuate the transfer of the Infringing Domains to Centrify.

19      7.     That an accounting be ordered of all of the profits realized by Defendants from

20  Defendants' unauthorized use of the Infringing Mark and the Infringing Domains, and any other

21  infringement of the CENTRIFY Marks.

22      8.     That Defendants be required to account for and pay Centrify all gains, profits, and

23  advantages derived from their acts of infringement and other unlawful conduct, as alleged herein.

24      9.     That all gains, profits and advantages derived by Defendants from their acts of

25  infringement and other unlawful conduct alleged herein be deemed to be in constructive trust for

26  the benefit of Centrify.

27

28

10.     That judgment be entered against Defendants for Centrify's actual damages as a result of Defendants' acts of infringement and other unlawful conduct alleged herein, and for any additional profits attributable to Defendants' wrongful conduct, according to proof.

11.     That Centrify be awarded statutory damages pursuant to 15 U.S.C. § 1117(d) for each act of Defendants' cybersquatting, in the maximum amount permitted by law.

12.     That Defendants' unlawful conduct as alleged herein be deemed a willful violation of Centrify's intellectual property rights.

13.     That the Court declare this an exceptional case in light of Defendants' malicious, fraudulent, deliberate, and/or willful conduct.

14.     That Centrify's actual damages be trebled pursuant to 15 U.S.C. § 1117(a).

15.     That Centrify recover its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

16.     That Centrify be awarded punitive and exemplary damages pursuant to California common law.

17.     That Centrify recover the costs of this suit.

18.     That Centrify be granted pre-judgment and post-judgment interest on the damages caused by Defendants.

19.     That Centrify be granted such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff Centrify Corporation hereby demands a trial by jury on all issues so triable.


Dated:  November 7, 2016

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By     _____
                  */s/ James M. Chadwick*
EDWARD V. ANDERSON
JAMES M. CHADWICK
TENAYA M. RODEWALD
Attorneys for Centrify Corporation